UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER THORNTON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DFS SERVICES LLC, )<br>)<br>Defendant. ) | Case No. 4:09CV1040 SNLJ |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand (#10), filed July 31, 2009. Defendant filed a memorandum in opposition (#14) on August 14, 2009, and Plaintiff filed a reply (#18) on August 28, 2009. Defendant then filed a sur-reply (#20) on September 11, 2009.

This cause of action was originally filed on April 16, 2009, in the St. Louis County Circuit Court, and was subsequently removed by Defendant to this court on July 2, 2009 pursuant to the Class Action Fairness Act (CAFA) and 28 U.S.C. § 1332(d)(6). Plaintiff filed the initial complaint against Defendant DFS Services, alleging that he represents a class consisting of all persons who utilized Defendant's credit card services and suffered damages by being assessed unauthorized charges for Defendant's payment protection plan.

CAFA provides jurisdiction to federal courts upon diversity grounds if the aggregate amount of damages sought by class members exceeds the sum or value of $5,000,000.00. Plaintiff argues that removal was not warranted, as Defendant's Notice of Removal relies "entirely upon guesswork and presents no evidence regarding the actual amount of damages which are sought or may be awarded in this matter." (Plaintiff's Motion, ¶15). Plaintiff contends

that the Defendant can not meet the jurisdictional minimum of $5,000,000.00, and moves this Court to remand back to the state circuit court. Plaintiff argues that the number of card member accounts that Defendant produced, a number well in excess of 50,000 for a national class, is not an accurate representation of the actual number of plaintiffs in the class who received unauthorized charges on their credit card statements.

It has recently been established in the Eighth Circuit that for the purposes of removal under CAFA, the burden of proving the requisite amount in controversy for federal jurisdiction rests on the party seeking removal and that the burden must be met by a preponderance of the evidence. *See Bell v. Hershey Co.*, 557 F.3d 953 (8th Cir. 2009). What the *Bell* decision accomplished was merely to reaffirm the standard that had already been established prior to the passage of CAFA in 2005. Under the preponderance standard that we are instructed to use, we are not attempting to decide "whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Id.* at 959 (citing *Kopp v. Kopp*, 280 F.3d 883, 885). Thus, as the Eighth Circuit explains, "remand is only appropriate if [the plaintiff] can establish that it is legally impossible to recover in excess of the jurisdictional minimum." *Id.* at 959 (citations omitted).

It is unclear at this point whether the plaintiff's class includes the entire national customer base, or whether it is limited solely to Missouri customers. Even if limited to Missouri, however, Plaintiff has not in any way established that it is "legally impossible" for his class to recover in excess of $5,000,000.00. Defendant has provided the Court with a sworn declaration and calculations of Missouri and national account numbers in Exhibits C and D, respectively. According to these calculations, the number of Missouri Payment Protection customers with balances numbered 32,471. (Defendant's Exhibit D, ¶4). The average Payment Protection fee

balance for each of these Missouri customers similarly situated with Plaintiff was $19.19. When multiplying this monthly fee balance by 10, which is the number of months that Plaintiff was enrolled in the Payment Protection plan, average actual damages comes to $191.90. Because there are 32,471 Missouri customers, the amount in controversy equals $6,200,000.00, well over the $5,000,000 requirement. While Plaintiff argues that not all of the 32,471 Missouri customers were necessarily charged *unauthorized* fees as was the case in his situation, it is not for the Defendant or the Court to decide to a legal certainty that the amount in controversy will meet the $5,000,000.00 minimum, only that it *might* reach the minimum required.

Even if only a fraction of the Missouri customers suffered actual damages, plaintiff is bringing additional claims for punitive damages and attorneys' fees, which could easily exceed the $5,000,000 threshold. *See, e.g.*, *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992)(It is appropriate to consider punitive damages and attorneys' fees when assessing the aggregate amount in controversy). Under the circumstances, Defendant has shown by a preponderance of the evidence that the amount in controversy could satisfy CAFA's jurisdictional minimum.
Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (#10) is DENIED.

Dated this ___9th___ day of October, 2009.

                                                                                    _____
                                                                                    UNITED STATES DISTRICT JUDGE